## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARDEN STATE LIFE INSURANCE,     )
COMPANY,     )
2450 South Shore Boulevard     )
League City, Texas 77527     )
    )
       Plaintiff,     )
    )
       v.     )     Civil Action No. 17-2135
    )
ELAINE DUKE, Acting Secretary,     )
U.S. Department of Homeland Security, in her     )
official capacity as well as her successors and     )
assigns,     )
245 Murray Lane, S.W. Building 410     )
Washington, D.C. 20258-0075;     )
    )
U.S. DEPARTMENT OF HOMELAND     )
SECURITY,     )
245 Murray Lane, S.W. Building 410     )
Washington, D.C. 20258;     )
    )
JAMES MCCAMENT, Acting Director,     )
U.S. Citizenship and Immigration Services,     )
in his official capacity as well as his     )
successors and assigns,     )
20 Massachusetts Avenue, N.W.     )
Washington, D.C. 20529-2000;     )
    )
U.S. CITIZENSHIP AND IMMIGRATION     )
SERVICES,     )
111 Massachusetts Avenue, N.W.     )
Washington, D.C. 20529-2000;     )
    )
       and     )
    )
JILL A. EGGLESTON, Director, FOIA     )
Operations, National Records Center, in her     )
Official capacity as well as her     )
successors and assigns,     )
P.O. Box 648010     )
Lee's Summit, MO 64064-8010     )
    )
       Defendants.     )

COMPLAINT FOR INJUNCTIVE RELIEF AND
FOR A WRIT OF MANDAMUS

Plaintiff, by and through undersigned counsel, alleges as follows:

## I.   INTRODUCTION

1.      This is a civil action under the Administrative Procedure Act ("APA"), 5 U.S.C. §

701, *et seq.* and the Mandamus Act, 28 U.S.C. § 1361, to compel agency action to produce

a Form G-24, Certification of Documents, to certify the administrative record of an

informal adjudication under the Freedom of Information Act ("FOIA") conducted by the

U.S. Citizenship and Immigration Services ("USCIS") which is held in a system of

records by the National Records Center as FOIA Case number NRC2017003953.

2.      A Form G-24, Certification of Documents, is needed to authenticate the business

records produced by defendant Jill A. Eggleston, Director, FOIA Operations, for

admission into evidence in the case currently on trial (and for any appellate purposes, if

necessary), *Bilal A. Kone v. Garden State Life Insurance Company*, Index No. 653082/11.

3.      On June 5, 2017, Ms. Eggleston produced, in FOIA Case number

NRC2017003953, a final action letter consisting of two pages and fifty-six (56) pages of

agency records responsive to a FOIA request filed on January 10, 2017, regarding a

Christiane Bossoma.

4.      On September 28, 2017, pursuant to a duly filed administrative appeal, defendant

USCIS issued a final agency action on the FOIA appeal. (USCIS FOIA Case Number

APP2017001281).

5.      Plaintiff avers that Defendant Eggleston's final action letter and the fifty-six pages

of responsive records are necessary to demonstrate a defense of fraud before a New York

Supreme Court, and the likely existence of identity theft and immigration fraud which are germane to the underlying civil action in *Bilal A. Kone v. Garden State Life Insurance Company.*

6.    This civil action also seeks, pursuant to the APA and *Touhy*, to compel the production of a records custodian from the National Records Center to appear in the Supreme Court for the State of New York, New York County, with the full and complete administrative records for USCIS FOIA Case Numbers NRC2017003953 and APP2017001281 in order to admit these administrative records into the trial record.

7.    On October 16, 2017, defendant DHS formally denied a subpoena for a records custodian to testify in the case currently on trial.

## II.    JURISDICTION AND VENUE

8.    This civil action arises under the Constitution and the laws of the United States. The Court has subject-matter jurisdiction over this civil action pursuant to 5 U.S.C. § 701, *et seq*. and 28 U.S.C. §§ 1331 and 1361.

9.    Defendants, agencies of the United States and their officers acting within their official capacities, are subject to personal jurisdiction within the District of Columbia for purposes of the Constitution's Due Process Clause and the District of Columbia's long-arm statute.

10.    Venue lies in this judicial district under 28 U.S.C. § 1391 because Defendants are agencies and officers of agencies of the United States who reside in this judicial district.

## III.    PARTIES

11.    Plaintiff is a life insurance company located in Teague City, Texas.

12.    The U.S. Department of Homeland Security ("DHS") is the federal agency

bearing responsibility for administration and enforcement of the nation's immigration laws.

13.     Defendant Elaine Duke is sued in her official capacity as Acting DHS Secretary in which she is charged with the just administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a).

14.     U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security, is responsible for awarding visa petitions in appropriate circumstances consistent with the INA. As used below, "USCIS" refers to both the U.S. Citizenship and Immigration Services, and predecessor agency U.S. Immigration and Naturalization Services.

15.     Defendant James McCament is sued in his official capacity as Acting Director of USCIS.

16.     Defendant Jill Eggleston is sued in her official capacity as Director of FOIA Operations at the National Records Center.

17.     The DHS, and its subcomponent, USCIS, are agencies within the meaning of 5 U.S.C. § 552(f).

## IV.    FACTS

### A.    FOIA Case Number NRC2017003953

18.     On October 10, 2007, a man identifying himself as Ibrahim T. Kone and a woman identifying herself as Christiane Bossoma Koye submitted a written application to plaintiff Garden State for life insurance in the amount of $150,000 for the benefit of their son, Bilal A. Kone.

19.     On November 20, 2007, Garden State issued a life insurance policy to Christiane

Bossoma Koye.

20.     Just over a year later, Bilal Kone claimed that Christiane had unexpectedly and suddenly died on December 27, 2008, while visiting relatives in her native Ivory Coast, and sought enforcement of the life insurance policy.

21.     On March 4, 2009, Bilal Kone submitted a Foreign Death Questionnaire to Garden State claiming that Christiane, born in Abidjan, Ivory Coast, had lived in the United States from 1998 to 2008, and died while visiting relatives in the Ivory Coast.

22.     Garden State has never formally denied the claim, but it has to date declined to pay on the policy pending adequate proof that Christiane was in fact alive in 2008 and died that year in the Ivory Coast as claimed.

23.     On November 10, 2011, Bilal A. Kone, by and through a law firm, filed a complaint in the Supreme Court of the State of New York, County of New York, against Garden State Life Insurance Company to demand payment of the $150,000 inclusive of interest, costs, and attorneys fees.  *See Bilal A. Kone v. Garden State Life Insurance Company*, Case No. 653082/2011, NYSCEF Doc. No. 1 (N.Y. County Sup. Ct. Nov. 7, 2011).

24.     Garden State has defended its position, and asserted before the trial court and the Appellate Division for the First Department that the underlying life insurance policy application is fraudulent.  *Kone v. Garden State Life Ins. Co*., 136 A.D.3d 422 (App. Div. 1st Dep't 2016) (denying summary judgment as a matter of law because the insured and the insured's death is a fact in dispute).  The trial is currently scheduled for October 16, 2017, and is expected to last approximately two weeks.

25.     In late 2016, while reviewing discovery produced in *Kone v. Garden State Life*

*Ins. Co.*, undersigned counsel for Garden State discovered that counsel for Bilal A. Kone had submitted two documents purportedly prepared by Christiane Bossoma that had two different Alien Numbers:

a.      A Form I-9 Employment Eligibility Verification and Permanent Resident Card reflected Alien Number 073-642-225; and

b.      An Ivory Coast Passport, which, at page 13, had an I-551 Stamp with Alien Number 074-946-144 dated September 29, 1995, that provided admission as a permanent resident until March 29, 1996.

26.      On December 15, 2016, by and through undersigned counsel, plaintiff submitted a FOIA request to Defendants DHS and USCIS for the two Alien Files relating to Christiane Bossoma.  The FOIA request also included the death certificate provided in discovery by Bilal A. Kone's counsel in *Bilal A. Kone v. Garden State Life Insurance Company*, Case No. 653082/2011 (N.Y. County Sup. Ct.), and the Form I-9 and the Ivory Coast Passport provided in discovery.

27.      On June 5, 2017, in response to the FOIA request, defendants produced 50 pages of unredacted records relating to Christiane Bossoma's Alien File Numbered 073-642-225, but redacted, on six pages, details concerning her father and mother on her Form G-325A, Biographic Information.

28.      The produced records for Alien File Number 073-642-225 reflect that an individual identifying herself as Christiane Bossoma, born in Kinshasa, Zaire, arrived in the United States on March 7, 1992, and filed for political asylum in the United States on April 4, 1994.  These facts differ materially from the biographical details advanced by the plaintiff in *Kone*.  *See* ¶¶ 20-21 *supra*. (discovery provided by plaintiff in the New York

State action asserted that she was born in, and a citizen of, the Ivory Coast).

29.    Defendants did not produce any records relating to Christiane Bossoma's Alien

File Numbered 074-946-144.

C.    Voluntarily Dismissed FOIA Case

30.    On July 27, 2017, plaintiff Garden State filed suit under the Administrative

Procedure Action, 5 U.S.C. 701, *et seq.* and the Freedom of Information Act, 5 U.S.C. §

552, *et seq.* concerning Alien File Number 074-946-144, a number purportedly associated

with Christiane Bossoma. *See Garden State Life Ins. Co. v. Dep't of Homeland Security,*

*et al.*, Civil Action No. 17-1511-CRC.

31.    On August 29, 2017, Garden State voluntarily dismissed Civil Action No. 17-511-

CRC in order to pursue an administrative appeal for records relating to Christiane

Bossoma's purported Alien File Number 074-946-144.

D.    Appellate Case Number APP2017001281

32.    On August 29, 2017, Garden State filed an administrative appeal with the USCIS

FOIA/PA Appeals regarding Alien File Number 074-946-144.

33.    USCIS FOIA/PA acknowledged receipt and issued a Case Number,

APP20017001281.

34.    On September 28, 2017, HQ/PA Appeals (DHS/USCIS) issued a final action

letter in Case Number APP2017001281 consisting of two pages, wherein the government

official responsible for adjudicating the FOIA appeal determined that Alien Number 074-

946-144 is associated with another individual who is not Christiane Bossoma:

> After careful consideration of your appeal I have decided to affirm the
> decision of the National Records Center.  The National Records Center
> properly withheld certain information that is protected from disclosure and
> not appropriate for discretionary release.  The file A074946144 belongs to

a person who is not Christiane Bossoma and who is not related in any way to Christiane Bossoma.  There is no mention of Christiane Bossoma in the other person's file.

35.     On October 6, 2017, pursuant to plaintiff's request, plaintiff Garden State (through counsel) received a valid Form G-24, Certification of Documents, for the January 10, 2017 appeal submission, USCIS acknowledgment letter, and the USCIS final action letter in Case Number APP2017001281.

E.     Subpoena to DHS Office of the General Counsel

36.     On October 9, 2017, plaintiff Garden State (through counsel) served a subpoena and *Touhy* request on DHS to "request a records custodian to appear in the Supreme Court of the State of New York, New York County (New York City) with the full and compete administrative records for Department of Homeland Security FOIA case numbers NRC2017003953 and APP2017001281" in order to admit the documents into the trial record, and attached to the subpoena the administrative records sought for authentication:  (a) the forty-six (46) certified pages from Case Number APP2017001281, (b) the final action letter in Case Number NRC2017003953 dated June 5, 2017, (c) the fifty-six pages of response records for Alien File Number A73-642-225 produced on June 5, 2017, in Case Number NRC2017003953, and (d) the underlying FOIA request filed on December 15, 2016.  (Exhibit 1).

37.     On October 16, 2017, by e-mail, an attorney from the Office of the Chief Counsel for USCIS issued a final action letter declining to provide the requested records custodian stating that the "request fails to clearly articulate the nature and relevance of the testimony that you are seeking."  (Exhibit 2).

38.     On October 16, 2017, counsel for Bilal A. Kone asserted to counsel of record for

Garden State that Kone would not consent to the admissibility of the administrative records in Case Numbers NRC2017003953 and APP201700128.

39.    The case is currently in voir dire, and a trial judge will be assigned on or about October 17, 2017.

40.    On October 16, 2017, after receiving the final action letter from the Office of the Chief Counsel, undersigned counsel conferred with the attorney responsible for the action, and thereafter submitted additional information to the Office of the Chief Counsel by e-mail in an attempt to resolve this administratively.  (Exhibit 2).

## V.    EXHAUSTION & INJURY

A.    Exhaustion

41.    On June 19, 2017, after receiving the final action letter and fifty-six (56) pages of responsive records in FOIA Case Number NRC2017003953, plaintiff Garden State (through counsel) contacted defendant Jill Eggleston by e-mail at foiapaquestions@uscis.dhs.gov to request information on how to obtain a records custodian to authenticate the record produced for Alien File 073-642-225.  The subject line of the email was "Request for Assistance – NRC20178003953."

42.    On June 19, 2017, the same request was sent in a different email to foiapaquestions@uscis.dhs.gov with the subject "NRC2017003953" Follow-up Questions."

43.    On June 20, 2017, a FOIA Officer identified as "A" replied that they did attempt to locate information on A74946144 but it did not belong to the subject of record."

44.    On October 5, 2017, following resolution of the FOIA Appeal in Case Number APP2017001281, which resulted in certified copies of the administrative record on

appeal, plaintiff Garden State requested assistance in identifying a records custodian to authenticate the agency's FOIA responsive records [NRC 2017002953] by contacting the agency's general email at uscis.foia@uscis.dhs.gov and foiapaquestions@uscis.dhs.gov.

45.     On October 5, 2017, plaintiff Garden State also requested the assistance of the Office of Government Information Services ("OGIS") at this agency's e-mail address, OGIS@NARA.GOV.

46.     On October 12, 2017, OGIS responded by e-mail that it would take no action because "OGIS staff contacted USCIS staff about your submission and learned that the agency responded directly to you."

47.     On October 12, 2017, plaintiff Garden State (through counsel) again contacted OGIS and requested assistance in having a records custodian "perform a ministerial, non-discretionary duty to generate a Form G-24 to certify the administrative record in NRC2017003953."

48.     As of the date of this filing, no response has been received from USCIS through uscis.foia@uscis.dhs.gov or foiapaquestions@uscis.dhs.gov to the request for a Form G-24 to certify the administrative record in NRC2017003953.

49.     On October 16, 2017, by e-mail, an attorney from the Office of the Chief Counsel for USCIS issued a final action letter declining to provide the requested records custodian stating that the "request fails to clearly articulate the nature and relevance of the testimony that you are seeking."

        B.     Injury

50.     New York Civil Practice Law and Rule ("CPLR") 4518(a), Business records, generally permits, through witness testimony, the introduction of business records maintained in the ordinary course of business.  Subsection (c) further provides that all

records (subject to certain exceptions) are "admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the . . . department or bureau . . . or by an employee delegated for that purpose."  CPLR 4518(c).

51.     New York CPLR 4540, Authentication of Official Record of Court or Government, provides that a "copy attested as correct by an officer or a deputy of an officer having legal custody of an official record of the United States or of any state, territory or jurisdiction of the United States, or of any of its courts, legislature, offices, public bodies or boards is prima facie evidence of such record."

52.     Defendants have unlawfully delayed and unlawfully denied plaintiff's request for an authentication of FOIA Case Number NRC2017003952 and plaintiff's subpoena for a records custodian to testify for the purposes of admitting the administrative records from FOIA Case Number NRC2017003952 and Case Number APP2017001281 into the trial record in *Bilal A. Kone v. Garden State Life Insurance Company.*

53.     Defendants' wrongful denial of plaintiff's administrative requests will cause irreparable harm to plaintiff's ability to introduce legal, competent, and reliable evidence into the case of fraud, immigration fraud, and identity theft into the trial record.

## VI.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

USCIS FORM G-24

*VIOLATION OF THE APA, 5 U.S.C § 706(1)*

54.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

55.     The Secretary of Homeland Security is charged with the administration and
enforcement of the Immigration and Nationality Act, and "shall have control, direction,
and supervision of all employees and of all the files and *records of the Service*."  8 U.S.C.
§ 1103(a)(2) (emphasis added).

56.     Under 5 U.S.C. 552(a)(a)(4), the "term 'record' means any item, collection, or
grouping of information about an individual that is maintained by an agency, including,
but not limited to, his education, financial transactions, medical history, and criminal or
employment history and that contains his name, or the identifying number, symbol, or
other identifying particular assigned to the individual, such as a finger or voice print or a
photograph.  Under 5 U.S.C. 552(a)(a)(5), the term 'system of records' means a group of
any records under the control of any agency from which information is retrieved by the
name of the individual or by some identifying number, symbol, or other identifying
particular assigned to the individual."

57.     Under Section 103 of the Immigration and Nationality Act [8 U.S.C. § 1103], the
Secretary of Homeland Security is the legal custodian for the records of USCIS and DHS.

58.     A USCIS Form G-24, entitled Certification of Documents, evidences the
certification of DHS records by and through authorized persons of the agency.  The
recital provides:

> **BY VIRTUE OF** the authority vested in my by Title 8, Code of
> Federal Regulations, Part 103 of the Immigration and National Act
> (INA), and Title IV, Subtitle E, Section 451 and Section 456 of the
> Homeland Security Act of 2002,
>
> **I HEREBY CERTIFY** that the annexed documents are originals,
> or copies thereof, from the records of U.S. Citizenship and
> Immigration Service, Department of Homeland, which the
> Secretary is the legal custodian by virtue of Section 103 of the
> Immigration and Nationality Act.

59.    A sample Form G-24 is inserted herein:

---

**Certification of Documents**
Department of Homeland Security
U.S. Citizenship and Immigration Services

USCIS
Form G-24
Internal Use

# United States of America

Department of Homeland Security
U.S. Citizenship and Immigration Services

Date *(mm/dd/yyyy)*

**Certification of Documents**
(Originals or Copies thereof)

**BY VIRTUE OF** the authority vested in me by Title 8, Code of Federal Regulations, Part 103 of the Immigration and Nationality Act (INA), and Title IV, Subtitle E, Section 451 and Section 456 of the Homeland Security Act of 2002,

**I HEREBY CERTIFY** that the annexed documents are originals, or copies thereof, from the records of U.S. Citizenship and Immigration Service, Department of Homeland Security, which the Secretary is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act. These documents relate to:

Subject: _____

Also known as (aka): _____

File and/or Certificate Number: _____

Number of Pages Copied: _____

|  |  |
|---|---|
| _____ (Signature of Authorized Person) | **Annotations** |
| _____ (Print Name and Title of Authorized Person) | |
| _____ (Office of Authorized Person) | |

Form G-24  06/04/13 N                                          Page 1 of 1

---

60.    The Form G-24 reflects that only an authorized records custodian vested with authority delegated by the Secretary of Homeland Security, pursuant to 8 U.S.C. § 1103, may certify records of the DHS and USCIS.

61.     Defendants have a nondiscretionary duty to produce a Form G-24, Certification of

Documents, for the administrative records in Case Number NRC2017003953, and have

"unlawfully withheld or unreasonably delayed" acting on that duty under 5 U.S.C. §

706(1).

62.     Plaintiff has no other adequate remedy to compel defendants to perform their duty

to produce a Form G-24 for the administrative records in Case Number NRC2017003953.

63.     As a result, defendants have deprived plaintiff of its rights under the APA and

FOIA.

## SECOND CAUSE OF ACTION

### USCIS FORM G-24

### *WRIT OF MANDAMUS, 28 U.S.C. § 1361*

64.     Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs above, inclusive.

65.     Plaintiff asserts a claim for mandamus relief under 28 U.S.C. § 1361, which

empowers district courts "to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to plaintiff."

66.     Plaintiff's claim is clear and certain, and defendants have a mandatory,

ministerial, non-discretionary duty to produce a Form G-24 to certify the agency's

administrative records in FOIA Case Number NRC2017003953.

67.     Plaintiff has no other adequate remedy to compel defendants to perform their

duty, since plaintiff has contacted USCIS without results or indication of whether and

when production of a Form G-24 might be forthcoming.

## **THIRD CAUSE OF ACTION**

COMPEL PRODUCTION OF TRIAL SUBPOENA DUCES TECUM
AND AD TESTIFICANDUM

*VIOLATION OF THE APA, 5 U.S.C. § 706(2)*

68.    Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs above, inclusive.

69.    Defendants DHS's denial of plaintiff's subpoena is improper and reviewable

under 5 U.S.C. § 701, *et seq.* because DHS has enacted *Touhy* regulations, pursuant to 5

U.S.C. § 301, in 6 C.F.R. § 5.41, *et seq.* which govern how the agency responds to third

party subpoenas and requests for documents.  *See Touhy v. Ragen*, 340 U.S. 462, 474-75

(1951); *Houston Business Journal, Inc. v. Office of the Comptroller*, 86 F.3d 1208 (D.C.

Cir. 1996); *Ho v. United States*, 374 F. Supp. 2d 82 (D.D.C. 2005); *Chen v. Ming Dow

Ho*, 368 F. Supp. 2d 91 (D.D.C. 2005).

70.    If an agency refuses to produce the requested agency witness or requested

documents, "a third party state-court litigant's sole remedy is to file a collateral action in

federal court under the APA." *Agility Pub. Warehousing Co. K.S.C.P. v. United States

DOD*, 2017 U.S. Dist. LEXIS 47236, *11, 246 F. Supp. 3d 34 (D.D.C. 2017) (citing

*Houston*, 86 F.3d at 212).

71.    As a result of this improper decision by defendants to deny production of a

records custodian, plaintiff is "suffering a legal wrong of agency action," is "adversely

affected or aggrieved by agency action," and therefore "is entitled to judicial review

thereof" under 5 U.S.C. § 702.

72.    The APA directs that the "reviewing court shall . . . hold unlawful and set aside

agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

73.     Defendants' actions, findings, and conclusions in denying administrative relief in

the production of a records custodian with the requested records is arbitrary, capricious,

an abuse of discretion, and not otherwise in accordance with 5 U.S.C § 706(2):  the

subpoena, in Exhibit 1, clearly identified the purpose of the testimony and attached the

specific records sought to be introduced into the trial court record through a DHS records

custodian.

### FOURTH CAUSE OF ACTION

COMPEL PRODUCTION OF FORM G-24 TO CERTIFY
ADMINISTRATIVE RECORD FOR FOIA CASE NUMBER NRC2017003953

*VIOLATION OF THE APA, 5 U.S.C. § 706(2)*

74.     Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs above, inclusive.

75.     Defendants' unreasonable delay and unlawful withholding of the requested Form

G-24, Certification of Documents, to certify the administrative record for FOIA Case

Number NRC2017003953 as being maintained within a system of records of USCIS and

DHS, is improper and reviewable under 5 U.S.C. § 702(2).

76.     As a result of this improper decision by defendants to deny production of a Form

G-24 for the administrative record for FOIA Case Number 20017003953, plaintiff is

"suffering a legal wrong of agency action," is "adversely affected or aggrieved by agency

action," and therefore "is entitled to judicial review thereof" under 5 U.S.C. § 702.

77.     The APA directs that the "reviewing court shall . . . hold unlawful and set aside

agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

78.     Defendants' actions, findings, and conclusions in denying administrative relief in

the production of a Form G-24, Certification of Documents, for FOIA Case Number

NRC2017003953 are arbitrary, capricious, an abuse of discretion, and not otherwise in

accordance with 5 U.S.C § 706(2).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff hereby prays for relief as follows:

a.      That the Court immediately order DHS to produce a records custodian to

testify in the matter of *Bilal A. Kone v. Garden State Life Insurance Company*, Index No.

653082/11;

b.      That the Court compel defendants to perform their duty to perform a

ministerial, non-discretionary function to certify the administrative record in DHS FOIA

Case File NRC2017003953;

c.      That the Court provide further relief as it deems appropriate, just, and

equitable; and

d.      That the Court grant reasonable attorney's fees, expenses and costs of

court to plaintiff, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, or any

other applicable provision, to include 28 U.S.C. § 2412(d).

DATED:   October 16, 2017
         New York, New York

                                        Respectfully submitted,


                                        *//s// Jason D. Wright*
                                        Jason D. Wright, Esq.
                                        DC Bar #1029983
                                        Wright Law Firm
                                        40 Fulton Street - 23rd Floor
                                        New York, New York 10038
                                        Direct:  212-285-8000 x. 6365

Mobile:  202-578-0260
Fax:  917-677-8577
E-mail: jwright@jasonwrightesq.com

*Counsel for Plaintiffs*